UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POLARIS IP, LLC<br>A Texas Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION,<br>a Delaware Corporation, and<br><br>SIEBEL SYSTEMS, INC.<br>a Delaware Corporation.<br><br>Defendants | Civil Action No. 2-06CV-179<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF POLARIS IP, LLC'S
### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Polaris IP, LLC ("Polaris") alleges that Oracle Corporation ("Oracle") and Siebel Systems, Inc. ("Siebel") directly or indirectly infringed and will continue to infringe one or more patents identified below that are owned by Polaris. In support thereof, Polaris hereby files this complaint and respectfully alleges as follows:

### THE PARTIES

1.  Polaris is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.  On information and belief, defendant Oracle is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Oracle is qualified to do business in the state of Texas, Filing No. 10507206 and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas, as its agent for service of process.

3.     On information and belief, defendant Siebel is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Siebel is qualified to do business in the state of Texas, Filing No. 11043206 and has appointed CT Corporation System, 350 N. St. Paul Street, Suite 750, Dallas, Texas 75201, as its agent for service of process.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States, Title 35 of the United States Code.

5.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Defendants each conduct business in this district, has transacted business in this district and, on information and belief, has committed acts of patent infringement in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,411,947

6.     Polaris is the owner by assignment of all rights and interest in United States Patent No. 6,411,947 (the "'947 Patent") entitled "Automatic Message Interpretation and Routing System," which was duly issued on June 25, 2002. A true and correct copy of the '947 Patent is attached as Exhibit A.

7.     Anthony M. Angotti, Rosanna Piccolo, Fred Cohen, Amy Rice and Julie Hsu are listed as the named inventors on the '947 Patent.

8.     Defendants Oracle and Siebel (collectively the "Defendants") have been and now are directly infringing, and indirectly infringing by way of inducing infringement and or contributing to the infringement of the '947 Patent in the state of Texas, in this judicial district,

2

and elsewhere in the United States by, among other things, making, using, operating and selling web self service, customer relations management systems and e-mail management systems and software that practice one or more claims of the '947 Patent to the injury of Polaris.

9.      These Defendants have actively induced and are actively inducing infringement of the '947 Patent.

10.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '947 Patent complied with such requirements and all licensees of the '947 Patent are obligated to mark licensed products in compliance with such requirements.

11.     As a result of the Defendants' infringement of the '947 Patent, Polaris has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

12.     Unless a permanent injunction is issued enjoining the Defendants and their agents, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '947 Patent, Polaris will be greatly and irreparably injured.

## COUNT TWO

## INFRINGEMENT OF U.S. PATENT NO. 6,278,996

13.     Polaris is the owner by assignment of all rights and interest in United States Patent No. 6,278,996 ("the '996 Patent") entitled "System and Method for Message Process and Response," which was duly issued on August 21, 2001. A true and correct copy of the '996 Patent is attached as Exhibit B.

14.     Keith D. Richardson, Jeff Greif, Doug Buedel and Boris Aleksandrovsky are listed as the named inventors on the '996 Patent.

3

15.     The Defendants have been and now are directly infringing, and indirectly infringing by way of inducing infringement and or contributing to the infringement of the '996 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating and selling web self service, customer relations management systems and e-mail management systems and software that practice one or more claims of the '996 Patent to the injury of Polaris

16.     These Defendants have actively induced and are actively inducing infringement of the '996 Patent.

17.     As a result of the Defendants' infringement of the '996 Patent, Polaris has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

18.     Unless a permanent injunction is issued enjoining the Defendants and their agents, employees, attorneys, representatives, affiliates and all others acting on their behalf from infringing the '996 Patent, Polaris will be greatly and irreparably injured.

## JURY DEMAND

19.     Polaris hereby demands a jury trial on all issues and claims so triable

## PRAYER FOR RELIEF

**WHEREFORE**, Polaris respectfully requests that this Court grant:

1.      A judgment in favor of Polaris that Defendants Oracle and Siebel have infringed directly and indirectly by way of inducing and/or contributing to the infringement of the '947 Patent;

2.      A permanent injunction enjoining Defendants Oracle and Siebel and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries,

4

parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '947 Patent;

3. A judgment and order requiring Defendants Oracle and Siebel to pay Polaris damages for Defendants' infringement of the '947 Patent, together with interest (both pre- and post-judgment), costs, and disbursements as fixed by this Court under 35 U S C. §284;

4. A judgment in favor of Polaris that Defendants Oracle and Siebel have infringed directly and indirectly by way of inducing and/or contributing to the infringement of the '996 Patent;

5. A permanent injunction enjoining Defendants Oracle and Siebel and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '996 Patent;

6. A judgment and order requiring Defendants Oracle and Siebel to pay Polaris damages for Defendants' infringement of the '996 Patent, together with interest (both pre- and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. §284;

7. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Polaris its reasonable attorneys' fees that Polaris proves it is entitled to at trial;

8. For all costs of suit; and

9. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: April 27, 2006

By: _____

Danny L. Williams
**LEAD ATTORNEY**
Texas State Bar No. 21518050
J. Mike Amerson
Texas State Bar No. 01150025
Chris N. Cravey
Texas State Bar No. 24034398
**Williams, Morgan & Amerson, P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
E-mail: danny@wma.law.com
E-mail: mike@wma.law.com
E-mail: ccravey@wmalaw.com

Nicholas H. Patton
Texas State Bar No. 15631000
**Patton & Tidwell**
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
E-mail: nickpatton@texarkanalaw.com

David M. Pridham
R.I. State Bar No. 6625
**Intellectual Property Navigation Group, LLC**
207 C North Washington Avenue
Marshall, Texas 75670.
Telephone: (903) 674-1066
Facsimile (903) 674-9797
E-mail: david@ipnav.com

**ATTORNEYS FOR PLAINTIFF POLARIS IP, LLC**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

POLARIS IP, LLC
   A Texas Limited Liability Company

       Plaintiff,

     v.

ORACLE CORPORATION,
   a Delaware Corporation, and

SIEBEL SYSTEMS, INC.
   a Delaware Corporation.

       Defendants

Civil Action No. _____

**JURY TRIAL DEMANDED**

## PLAINTIFF POLARIS IP, LLC'S
## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Polaris IP, LLC ("Polaris") alleges that Oracle Corporation ("Oracle") and Siebel Systems, Inc. ("Siebel") directly or indirectly infringed and will continue to infringe one or more patents identified below that are owned by Polaris. In support thereof, Polaris hereby files this complaint and respectfully alleges as follows:

### THE PARTIES

1.    Polaris is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.    On information and belief, defendant Oracle is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Oracle is qualified to do business in the state of Texas, Filing No. 10507206 and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas, as its agent for service of process.

3. On information and belief, defendant Siebel is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, California 94065. Siebel is qualified to do business in the state of Texas, Filing No. 11043206 and has appointed CT Corporation System, 350 N. St. Paul Street, Suite 750, Dallas, Texas 75201, as its agent for service of process.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the patent laws of the United States, Title 35 of the United States Code.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Defendants each conduct business in this district, has transacted business in this district and, on information and belief, has committed acts of patent infringement in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,411,947

6. Polaris is the owner by assignment of all rights and interest in United States Patent No. 6,411,947 (the "'947 Patent") entitled "Automatic Message Interpretation and Routing System," which was duly issued on June 25, 2002. A true and correct copy of the '947 Patent is attached as Exhibit A.

7. Anthony M. Angotti, Rosanna Piccolo, Fred Cohen, Amy Rice and Julie Hsu are listed as the named inventors on the '947 Patent.

8. Defendants Oracle and Siebel (collectively the "Defendants") have been and now are directly infringing, and indirectly infringing by way of inducing infringement and or contributing to the infringement of the '947 Patent in the state of Texas, in this judicial district,

2

and elsewhere in the United States by, among other things, making, using, operating and selling web self service, customer relations management systems and e-mail management systems and software that practice one or more claims of the '947 Patent to the injury of Polaris

     9.     These Defendants have actively induced and are actively inducing infringement of the '947 Patent.

     10     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '947 Patent complied with such requirements and all licensees of the '947 Patent are obligated to mark licensed products in compliance with such requirements.

     11.     As a result of the Defendants' infringement of the '947 Patent, Polaris has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

     12.     Unless a permanent injunction is issued enjoining the Defendants and their agents, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '947 Patent, Polaris will be greatly and irreparably injured.

**COUNT TWO**

**INFRINGEMENT OF U.S. PATENT NO. 6,278,996**

     13     Polaris is the owner by assignment of all rights and interest in United States Patent No. 6,278,996 ("the '996 Patent") entitled "System and Method for Message Process and Response," which was duly issued on August 21, 2001  A true and correct copy of the '996 Patent is attached as Exhibit B.

     14     Keith D. Richardson, Jeff Greif, Doug Buedel and Boris Aleksandrovsky are listed as the named inventors on the '996 Patent.

3

15.     The Defendants have been and now are directly infringing, and indirectly infringing by way of inducing infringement and or contributing to the infringement of the '996 Patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating and selling web self service, customer relations management systems and e-mail management systems and software that practice one or more claims of the '996 Patent to the injury of Polaris.

16.     These Defendants have actively induced and are actively inducing infringement of the '996 Patent.

17.     As a result of the Defendants' infringement of the '996 Patent, Polaris has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

18.     Unless a permanent injunction is issued enjoining the Defendants and their agents, employees, attorneys, representatives, affiliates and all others acting on their behalf from infringing the '996 Patent, Polaris will be greatly and irreparably injured.

### JURY DEMAND

19.     Polaris hereby demands a jury trial on all issues and claims so triable

### PRAYER FOR RELIEF

**WHEREFORE**, Polaris respectfully requests that this Court grant:

1.     A judgment in favor of Polaris that Defendants Oracle and Siebel have infringed directly and indirectly by way of inducing and/or contributing to the infringement of the '947 Patent;

2.     A permanent injunction enjoining Defendants Oracle and Siebel and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries,

4

parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '947 Patent;

      3.     A judgment and order requiring Defendants Oracle and Siebel to pay Polaris damages for Defendants' infringement of the '947 Patent, together with interest (both pre- and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. §284;

      4.     A judgment in favor of Polaris that Defendants Oracle and Siebel have infringed directly and indirectly by way of inducing and/or contributing to the infringement of the '996 Patent;

      5.     A permanent injunction enjoining Defendants Oracle and Siebel and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '996 Patent;

      6.     A judgment and order requiring Defendants Oracle and Siebel to pay Polaris damages for Defendants' infringement of the '996 Patent, together with interest (both pre- and post-judgment), costs, and disbursements as fixed by this Court under 35 U.S.C. §284;

      7.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Polaris its reasonable attorneys' fees that Polaris proves it is entitled to at trial;

      8.     For all costs of suit; and

      9.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: April 27, 2006

By: _____

Danny L. Williams
**LEAD ATTORNEY**
Texas State Bar No. 21518050
J. Mike Amerson
Texas State Bar No. 01150025
Chris N. Cravey
Texas State Bar No. 24034398
**Williams, Morgan & Amerson, P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
E-mail: danny@wma.law.com
E-mail: mike@wma.law.com
E-mail: ccravey@wmalaw.com

Nicholas H. Patton
Texas State Bar No. 15631000
**Patton & Tidwell**
4605 Texas Boulevard
P.O. Box 5398
Texarkana, Texas 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
E-mail: nickpatton@texarkanalaw.com

David M. Pridham
R.I. State Bar No. 6625
**Intellectual Property Navigation Group, LLC**
207 C North Washington Avenue
Marshall, Texas 75670.
Telephone: (903) 674-1066
Facsimile (903) 674-9797
E-mail: david@ipnav.com

**ATTORNEYS FOR PLAINTIFF
POLARIS IP, LLC**

6